# Frost *v.* Cook.

In a proceeding by attachment, a bond given by the agent of the plaintiff complies
with the requisitions of the statute as substantially as if given by the plaintiff
himself.

IN ERROR from the circuit court of the county of Noxubee.

This writ of error was prosecuted from a judgment of the circuit court quashing an attachment. The attachment was taken out by the agent of the plaintiff below, who is also plaintiff in error. The affidavit was as follows:

"Personally appeared before Hendly S. Bennett, judge of the sixth judicial district of the state of Mississippi, this 14th day of July, A. D. 1840, Adam Y. Smith, who, being duly sworn, deposes and says, that he is the agent of Samuel Frost; that Major Cook is indebted to him, the said Samuel Frost, in the full sum of thirty-two hundred and seven dollars and eighty cents; that the said Major Cook is an inhabitant of another state, so that he cannot be personally served with process; and further affiant saith not. Subscribed and sworn before me, this 14th day of July, A. D. 1840.                                    ADAM Y. SMITH.
HENDLY S. BENNETT,
            Judge Sixth Judicial District."

The bond and attachment were in the usual form. The attachment was levied on lands as the property of the defendant in attachment. Publication was also ordered at the return term; but at a subsequent day of the term, a motion was made to quash the attachment for the following causes:

1. The attachment requires the defendant to answer the complaint of Adam Y. Smith, the agent, and not Samuel Frost, the plaintiff.

2. The affidavit is defective in this: that it does not show that the plaintiff was either the inhabitant of another state, or was absent from this state, when the same was made, as by law is required.

The language of the attachment necessary to be recited is: "Whereas Adam Y. Smith, agent of Samuel Frost, hath complained on oath, &c. that Major Cook is justly indebted to the said Samuel Frost to the amount of three thousand two hundred and seven dollars and eighty cents; and oath having also been made that the said Major Cook is an inhabitant of another state, and the said Adam Y. Smith, agent for said Samuel Frost, having given bond, &c., we therefore command you, that you attach the estate, real and personal, of the said Major Cook, if to be found in your county, or so much thereof as shall be of value sufficient to satisfy the said debt and costs, according to the complaint, and such estate so attached in your hands to secure, or so to provide, &c. so as to compel the said Major Cook to appear and answer the above complaint of the said Samuel Frost," &c.

The court sustained the motion and quashed the attachment, which is assigned for error.


V. E. & B. D. HOWARD, for plaintiff in error, cited 5 Howard, 585.


Mr. Justice CLAYTON.

This was an attachment in the circuit court of Noxubee county, which was quashed upon motion on the part of the defendant. Every point relied on for that purpose, except one, has already been decided by this court, in the case of Lindner *v.* Aaron & Nelson, 5 How. 585. They are settled to be not sufficient to quash upon motion.

The point not raised in that case is as to the sufficiency of the bond. The bond is in the usual form, but it is given by the agent, binding upon himself, and not professing to bind the principal; security is also given. The words of the statute are: "every judge or justice, before granting any attachment as aforesaid, shall take bond and security from the party for whom the same shall be issued, his or her agent or attorney, payable to the defend-

Frost *v.* Cook.

ant," &c.   We think a bond given by the agent complies with the requisitions of the statute as substantially as if given by the plaintiff himself.   The object was to secure the defendant in the recovery of any costs or damages he might sustain, in consequence of suing out the attachment wrongfully, and that object is as well attained by a bond of the agent as of the principal.

The judgment of the circuit court was erroneous, and is reversed.

Judgment reversed.